UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TRAVIS TARLTON,

   Plaintiff,

   v.           CAUSE NO.: 3:19-CV-723-PPS-MGG

BO HOLCOMB, et al.,

   Defendants.

## OPINION AND ORDER

  Travis Tarlton, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

  In the complaint, Tarlton alleges that, since his arrival at the Marshall County Jail in July 2019, Sergeant Bo Holcomb, acting under the authority of Captain Butts and Sheriff Matt Hassel, has subjected him to overcrowded conditions, which causes him to be unable to leave his bed safely. On August 30, 2019, Sergeant Holcomb locked him in his cell and forced him to eat on a toilet instead of a table. Because Tarlton is a pretrial

detainee, I must assess his claims under the Fourteenth Amendment instead of the Eighth Amendment. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Id.* "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Giving him the favorable inferences to which he is entitled at this stage of the proceedings, Tarlton states a plausible Fourteenth Amendment claim against the defendants.[1]

For these reasons, the court:

(1) GRANTS Travis Tarlton leave to proceed on a Fourteenth Amendment claim for money against Sheriff Hassel, Sergeant Holcomb, and Captain Butts damages for

---

[1] In addition, it should be noted that currently pending in this District before a different judge is the case of *Miller et al. v. Marshall County, Indiana et al.*, Case No. 3:19-cv-842-DRL-MGG. That case is a putative class action filed by the American Civil Liberties Union (ACLU) of Indiana against Marshall County, the Marshall County Sheriff in his official capacity, and others on behalf of all individuals confined or who will be confined in the Marshall County Jail. [*See* ECF 1 at ¶ 14 in Case No. 3:19-cv-842-DRL-MGG.] The Plaintiffs in *Miller*, are seeking only declaratory and injunctive relief, as opposed to money damages, but the Court desires to make the Plaintiff in this case aware of that related case.

subjecting him to overcrowded conditions since July 17, 2019 and for locking him in his cell and forcing him to eat on a toilet on August 30, 2019;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sheriff Hassel, Sergeant Holcomb, and Captain Butts at the Marshall County Jail with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sheriff Hassel, Sergeant Holcomb, and Captain Butts to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Travis Tarlton has been granted leave to proceed in this screening order.

SO ORDERED on November 8, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT